**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE ROBERT W. BUECHEL AND CARI DONAHUE,

Appellants,

v.

THOMAS H. BILLINGSLEA, JR., CHAPTER 13 TRUSTEE,

Appellee.

CASE NO. 14cv2179-GPC(NLS)

Bankruptcy Case No. 14-4191-LT

**ORDER AFFIRMING SANCTIONS ORDERED BY THE BANKRUPTCY COURT**

This case comes before the Court on appeal from an order of the Bankruptcy Court for the Southern District of California ("Bankruptcy Court") in a Chapter 13 bankruptcy proceeding. On September 12, 2014, Appellants, Debtor Robert W. Buechel and Attorney Cari Donahue, filed notice with the Court appealing the Bankruptcy Court's imposition of sanctions under its inherent power under 11 U.S.C. § 105(a). Based on the reasoning below, the Court AFFIRMS the sanctions ordered by the Bankruptcy Court.

**Background**

This appeal arose from a voluntary Chapter 13 bankruptcy petition filed by

Appellants on May 29, 2014. (See S.D. Cal. Bankr. Case No. 14-04191-LT13.[1]) It was not Appellants' first bankruptcy petition.

On June 29, 2010, Appellant Debtor and his wife filed a voluntary Chapter 11 bankruptcy petition. (S.D. Cal. Bankr. Case No. 10-11371-LT7.) In response, Appellee Anne Dierickx, one of the creditors involved, initiated an adversary proceeding on June 15, 2011, to determine the dischargeability of the debt owed by Appellant Debtor and his wife to her. (S.D. Cal. Bankr. Case No. 11-90294-LT, Dkt. No. 1.) On February 13, 2012, the bankruptcy court granted Appellant Debtor's motion to convert the Chapter 11 bankruptcy case into a Chapter 7 bankruptcy case. (S.D. Cal. Bankr. Case No. 10-11371-LT7, Dkt. No. 230.) On November 27, 2012, the Bankruptcy Court closed the Chapter 7 case and discharged the debtor, but the adversary proceeding continued. (See S.D. Cal. Bankr. Case No. 10-11371-LT7, Dkt. No. 253.) Appellant Attorney represented Appellant Debtor in the adversary proceeding.[2]

On July 18, 2013, Appellant Debtor filed his first voluntary Chapter 13 petition. (S.D. Cal. Bankr. Case No. 13-07298-LT13, Dkt. No. 1.) On October 10, 2013, the Bankruptcy Court dismissed the case without prejudice. (S.D. Cal. Bankr. Case No. 13-07298-LT13, Dkt. No. 25.) Appellant Attorney also represented Appellant Debtor in that matter.

On May 29, 2014, Appellant Debtor filed his second voluntary Chapter 13 bankruptcy petition, once again represented by Appellant Attorney. (Dkt. No. 13-1, Appellants Record on Appeal ("ROA"), Ex. 1.) On June 4, 2014, Appellants filed notice of the Chapter 13 petition in the adversary proceeding. (Dkt. No. 14-2, Appellee ROA No. 13.) The notice asserted that the "filing of the [Chapter 13 petition] automatically

---

[1] All bankruptcy cases referred to in this order were held before the Honorable Laura S. Taylor in the Bankruptcy Court for the Southern District of California.

[2] Appellant Attorney did not represent Appellant Debtor from the outset of the adversary proceeding. Appellant Attorney first appeared on the case docket as Appellant Debtor's attorney on July 9, 2013. (See S.D. Cal. Bankr. Case No. 11-90294-LT, Dkt. No. 43.)

stays collection and actions against the debtors, the debtors' property, and certain codebtors pursuant to Bankruptcy Code § 362(a)." (Id.)

On June 5, 2014, the Bankruptcy Court issued an Order to Show Cause Re Dismissal of Chapter 13 Case and Sanctions ("OSC"). (Dkt. No. 13-4, Appellants ROA, Ex. 4.) The OSC directed Appellants to appear before the Bankruptcy Court and show cause as to why the Chapter 13 case should not be dismissed as a bad faith filing, and why Appellants should not be sanctioned under 11 U.S.C. § 105(a) and the Bankruptcy Court's inherent authority. (Id.) The Bankruptcy Court explicitly "directed [Appellants] to appear" before the Bankruptcy Court on June 13, 2014, and set June 11, 2014, as the deadline for filing documents in support of or in opposition to the OSC. (Id.)

Appellants did not submit any documents in opposition to the OSC, nor did they appear at the hearing. (See Dkt. No. 13-5, Appellants ROA, Ex. 5.) Instead, on June 12, 2014, during a telephonic conference in the adversary proceeding, attorney Laurence Haines appeared on behalf of Appellant Debtor and requested a continuance of the OSC hearing. (Id.) The Bankruptcy Court continued the OSC hearing to July 18, 2014. (Id.)

On July 16, 2014, two day before the continued OSC hearing, Appellants submitted a request for dismissal of the Chapter 13 bankruptcy case. (Dkt. No. 13-6, Appellants ROA, Ex. 6.)

On July 18, 2014, Appellants did not appear at the continued OSC hearing before the Bankruptcy Court. Instead, Vanessa Kajy appeared as the attorney for Appellant Debtor. (Dkt. No. 14-2, Appellee ROA No. 17.) The Bankruptcy Court dismissed the Chapter 13 case, but specifically retained jurisdiction to assess sanctions against Appellants regarding the OSC. (Id.) The Bankruptcy Court continued the OSC hearing to August 27, 2014. (Dkt. No. 13-7, Appellants ROA, Ex. 7.) The Bankruptcy Court informed Appellants that Appellant Debtor had waived his right to file a written response, but noted that Appellants "must appear at the continued hearing." (Id.) Additionally, the Bankruptcy Court put Appellants on notice that it would "further consider sanctions." (Id.)

On August 27, 2014, the Bankruptcy Court held the final OSC hearing. Appellants did not appear personally. (See S.D. Cal. Bankr. Case No. 14-04191-LT13, Dkt. No. 69.) Laurence Haines appeared as the attorney for Appellant Debtor. (Id.) In the Order on Order to Show Cause Re Dismissal of Chapter 13 Case and Sanctions ("Order on OSC"), the Bankruptcy Court concluded that Appellants "acted in bad faith and engaged in willful misconduct," and therefore found sanctions appropriate. (Dkt. No. 13-8, Appellants ROA, Ex. 8.) The Bankruptcy Court sanctioned Appellants under its inherent authority pursuant to 11 U.S.C. § 105(a). (Id.) The Bankruptcy Court ordered compensatory sanctions in the amount of $2,133.00 against Appellants, jointly and severally, payable to Appellee Dierickx. (Id.) The Bankruptcy Court also stated that, as a sanction against Appellant Attorney, it would "report the facts related to this OSC to the California State Bar and to the Standing Committee on Attorney Discipline of the United States District Court for the Southern District of California[.]" (Id.)

On September 12, 2014, Appellants filed notice of appeal. (Dkt. No. 1.) On January 30, 2015, Appellants submitted an opening brief. (Dkt. No. 12.) On February 3, 2015, Appellants submitted a designation of record on appeal and exhibits in support of their opening brief. (Dkt. No. 13.) On February 26, 2015, Appellee Thomas H. Billingslea, Chapter 13 Trustee ("Appellee Trustee") submitted a responsive brief, designation of record on appeal, and record on appeal in support of that brief. (Dkt. No. 14.) On February 27, 2015, Appellee Dierickx submitted a joinder to Appellee Trustee's responsive brief and related papers. (Dkt. No. 15.) On April 27, 2015, Appellants submitted a reply brief. (Dkt. No. 18.)

**Discussion**

On appeal, Appellants challenge the compensatory and coercive[3] sanctions

---

[3] While the Bankruptcy Court used the term "coercive sanction" to refer to reporting Appellant Attorney to the California State Bar and to the Committee on Attorney Discipline of the United States District Court for the Southern District of California, the sanction acts more as a disciplinary sanction. (See Dkt. No. 13-8, Appellants ROA, Ex. 8 at 5.) A coercive sanction is, "by [its] very nature[,]

imposed by the Bankruptcy Court.[4] (Dkt. No. 12.)

**A. Jurisdiction and Standard of Review**

The Court has jurisdiction to review appeals from the Bankruptcy Court under 28 U.S.C. § 158(a). The Court reviews the Bankruptcy Court's award of sanctions for an abuse of discretion. Hale v. U.S. Trustee, 509 F.3d 1139, 1146 (9th Cir. 2007). Under the abuse of discretion standard, the court will not reverse unless it is "definitely and firmly convinced that the bankruptcy court committed a clear error of judgment." In re Tennant, 318 B.R. 860, 866 (B.A.P. 9th Cir. 2004) (citation omitted). Due process is a question of law that is reviewed de novo. Miller v. Cardinale (In re DeVille), 280 B.R. 483, 492 (B.A.P. 9th Cir. 2002), aff'd, 361 F.3d 539 (9th Cir. 2004).

**B. Bankruptcy Court's Inherent Power Pursuant to 11 U.S.C. § 105(a)**

Appellants argue that the Bankruptcy Court's Order on OSC imposing sanctions did not comport with due process, and request that the Order on OSC be vacated. (Dkt. No. 12 at 15, 18.) Appellee contends that this appeal should be dismissed and is without merit because the Bankruptcy Court correctly used its inherent powers to sanction Appellants after they failed to respond to the OSC. (Dkt. No. 14 at 13.)

Under 11 U.S.C. § 105(a), the Bankruptcy Court may "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders . . . or to prevent an abuse of process." A court may impose sanctions in the

---

conditional," and thus a sanction that "operates whether or not a party remains in violation of the court order" is not coercive. Whittaker Corp. v. Execuiar Corp., 953 F.2d 510, 517 (9th Cir. 1992) (internal quotation marks and citations omitted). Because this sanction as to Appellant Attorney was not conditional, the Court will refer to it as a disciplinary sanction.

[4] Appellants also raise the issue of "[w]hether the Bankruptcy Court erred by considering late responses to the OSC filed by [Appellee Dierickx]. . . after the cutoff time of 4:00 PM on June 11, 2014 pursuant to the [OSC.]" (Dkt. No. 12 at 6.) The Court notes that Appellee Dierickx submitted a response to the OSC at 4:00:08 PM on June 11, 2014. (Dkt. No. 14-2, Appellee ROA No. 14.) The Court feels that an eight second delay is not substantial enough to have prejudiced Appellants. Regardless, Appellants present no legal support, nor do Appellants address the filing time in the substantive portion of their brief; therefore the Court will not address this issue.

form of attorney's fees or disciplining attorneys. See Chambers v. Nasco, Inc., 501 U.S. 32, 43, 45-46 (1991). The Ninth Circuit Court of Appeals has held that, through 11 U.S.C. § 105(a), the Bankruptcy Court has the same inherent power to sanction that Chambers acknowledged for Article III courts. Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.), 77 F.3d 278, 284 (9th Cir. 1996). When a bankruptcy court invokes its inherent power to sanction, due process requires that the parties be given "sufficient, advance notice" that they stand accused of bad faith and of the alleged sanctionable conduct. In re DeVille, 361 F.3d 539, 549 (9th Cir. 2004).

**C. Due Process**

**i. Bad Faith**

Imposing sanctions under the Bankruptcy Court's inherent power "requires a finding of bad faith." In re DeVille, 361 F.3d at 548 (citing Chambers, 501 U.S. at 49.). This finding must be "explicit." Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1196 (9th Cir. 2003).

Appellants assert that the Bankruptcy Court did not make an explicit finding of bad faith before imposing sanctions against Appellants. (See Dkt. No. 12 at 6, 15-17.) Appellants instead conclude that the Bankruptcy Court made an "improper [bad faith] purpose inference[.]" (Id. at 17.) Appellee argues that the Bankruptcy Court explicitly found that Appellants acted in bad faith. (Dkt. No. 14 at 12.)

In the Order on OSC, the Bankruptcy Court made an explicit finding of bad faith. (Dkt. No. 13-8, Appellants ROA, Ex. 8.) The Bankruptcy Court found that Appellants filed the Chapter 13 case in bad faith in order to improperly delay the adversary proceeding. (Id.) In particular, Appellants' timing in providing Appellee with notice of the Chapter 13 case and stay the day before a default prove up hearing in the adversary proceeding, coupled with Appellants' subsequent request for a voluntary dismissal, gave the Bankruptcy Court cause for concern. (Id. at 3.) When Appellants "provided no defense or explanation," the Bankruptcy Court concluded that Appellants "acted in bad faith and engaged in willful misconduct." (Id.)

Therefore, contrary to Appellants' argument, the Bankruptcy Court, as the fact finder, made an explicit finding of bad faith before sanctioning Appellants. (See id.)

**ii. Notice and Opportunity for a Hearing**

The Supreme Court has cautioned that sanctions "should not be assessed lightly or without fair notice and an opportunity for a hearing[.]" Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980). The Ninth Circuit Court of Appeals has held that due process "guarantees the attorney a 'hearing, *if requested*,' before sanctions may be imposed" on that attorney. Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1082 (9th Cir. 1988) (quoting Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 523 (9th Cir. 1983)) (emphasis added).

Appellants do not challenge the issue regarding fair notice, but question whether the Bankruptcy Court "erred in not conducting an evidentiary hearing prior to imposing sanctions[.][5]" (Dkt. No. 12 at 6.) Appellee argues that Appellants did not provide any excuses to the Bankruptcy Court for why they did not appear at the OSC hearings and did not provide any legal support for why the Court should consider the excuses on appeal for the first time. (Dkt. 14 at 13.)

Here, Appellants not only had three opportunities to appear at the OSC hearing to present evidence as to why sanctions were not warranted, but were also directed to appear at the OSC hearing by the Bankruptcy Court. (See, e.g., Dkt. No. 13-4, Appellants ROA, Ex. 4.) Yet Appellants submitted no written response to the OSC, and did not appear personally at any of the OSC hearings. (See Dkt. Nos. 14-5, 14-7, 14-8, Appellants ROA, Exs. 5, 7, 8.) Moreover, Appellants never requested a hearing after receiving notice that the Bankruptcy Court was considering sanctions. Therefore, the Court concludes that Appellants were given multiple opportunities to be heard by the Bankruptcy Court, and thus were accorded due process.

---

[5] Although Appellants present the issue of whether an evidentiary hearing should have been held for the purpose of hearing mitigating and aggravating factors, Appellants present no legal support, nor do Appellants address this issue in the substantive portion of the brief. (See Dkt. No. 12.)

**D. Sanctions**

**i. Compensatory Sanctions**

Appellants argue that the Bankruptcy Court erred by imposing compensatory damages as to Appellant Attorney based on her sending special appearance counsel to request a continuance of the OSC hearing on August 27, 2014.[6] (Dkt. No. 12 at 6.) Appellants further argue that Appellant Attorney's reason for not attending the OSC hearing on August 27, 2014, attending to a criminal matter in Los Angeles for another client, "was a selfless act worthy of great weight as a mitigating factor" because Appellant Attorney chose her criminal client's best interest over her own.[7] (Id. at 6, 17.) Appellee contends that the Bankruptcy Court was correct in issuing limited monetary sanctions, and argues that the Court should not consider the excuse for Appellant Attorney's absence from the OSC hearing on August 27, 2014, because Appellants did not provide the excuse to the Bankruptcy Court and did not provide any legal support for why the Court should consider the excuse now. (Dkt. Nos. 14 at 13, 15 at 2.)

The Bankruptcy Court awarded a compensatory sanction of $2,133 against Appellants, jointly and severally, to be paid to Appellee Dierickx. (Dkt. No. 13-8, Appellants ROA, Ex. 8.) The Bankruptcy Court took into consideration a response to the OSC submitted by Appellee Dierickx. (See Dkt. No. 14-2, Appellee ROA No. 14.) Appellee Dierickx requested sanctions in the amount of $3,333 to compensate for attorney's fees incurred due to the filing of the Chapter 13 petition and the delay of the adversary proceeding. (Id. At 12-14.) The Bankruptcy Court found that the OSC only

---

[6] On appeal, Appellants do not challenge the compensatory sanctions as to Appellant Debtor. (See Dkt. No. 12.)

[7] Appellant Attorney fails to acknowledge that by choosing not to attend the OSC hearing on August 27, 2014, she not only risked her own "potential sanction exposure," but also that of Appellant Debtor, who was her client just as much as the client in the criminal proceeding. (Dkt. No. 12 at 17.) Appellant Attorney alleges that she notified the Bankruptcy Court of the conflict in advance of the OSC hearing on August 27, 2014, but the record and the docket reflect no such notice. (Dkt. No. 12-1 at ¶ 3.) Appellant Attorney should have filed a request to continue the OSC hearing on August 27, 2014, based on the conflict with a court date.

provided appropriate notice that sanctions "would be sought . . . in connection with the delay of the adversary proceeding," and thus limited the sanction to the amount of $2,133 in attorney's fees. (Dkt. No. 13-8, Appellants ROA, Ex. 8.) The Court finds the compensatory sanctions were reasonable for the same considerations.

**ii. Disciplinary Sanctions**

The Ninth Circuit Court of Appeals has held that the Bankruptcy Court has the inherent authority to sanction attorney misconduct. In re Brooks Hamilton, 400 B.R. 238, 247 (B.A.P. 9th Cir. 2009) (citing Hale, 509 F.3d at 1148). Such disciplinary sanctions can extend as far as suspending the attorney. See In re Lehtinen, 564 F.3d 1052, 1062 (9th Cir. 2009). In In re Lehtinen, the bankruptcy court suspended the attorney from practicing before the bankruptcy court of the Northern District of California for three months because he failed to attend meetings and hearings pertaining to the bankruptcy case, failed to inform the debtor of the confirmation hearing, and committed other bad faith acts. Id. at 1056-57. The Ninth Circuit Court of Appeals affirmed the disciplinary sanction because it fell within the bankruptcy court's inherent power. Id. at 1062.

Here, the Bankruptcy Court decided to refer Appellant Attorney to the California State Bar and the Local Disciplinary Committee because of its finding that she acted in bad faith by filing the Chapter 13 petition to improperly delay the adversary proceeding, and her "willful failure to comply with the [Bankruptcy] Court's directives in the OSC itself." (See Dkt. No. 13-8, Appellants ROA, Ex. 8.) Therefore, the disciplinary sanctions on appeal before the Court fall within the Bankruptcy Court's inherent power. See In re Lehtinen, 564 F.3d at 1062.

When reviewing disciplinary sanctions against attorneys, the Court determines "whether (1) the disciplinary proceeding is fair, (2) the evidence supports the findings, and (3) the penalty imposed was reasonable." In re Nguyen, 447 B.R. 268, 276 (B.A.P. 9th Cir. 2011) (en banc). The Bankruptcy Court considered these three factors in the Order on OSC. (See Dkt. No. 13-8, Appellants ROA, Ex. 8 at 3-4.) It concluded that the

proceeding was fair, the Bankruptcy Court "personally observed problematic conduct" that led to its decision, and the sanction was reasonable. (Id.) The Court agrees with the Bankruptcy Court's reasoning and conclusion regarding the factors from In re Nguyen.

Additionally, the Bankruptcy Court looked to certain ABA guidelines in assessing the reasonableness of the disciplinary sanction against Appellant Attorney. (See Dkt. No. 13-8, Appellants ROA, Ex. 8 at 3-4.) The Bankruptcy Court found state bar referral and referral to the Local Disciplinary Committee reasonable because Appellant Attorney's improper conduct "violated a duty to the legal system and profession[.]" (Id.) Furthermore, Appellant Attorney's two failures to appear at OSC hearings, despite the explicit direction of the Bankruptcy Court, served as an aggravating factor that supported this disciplinary sanction. (Id.)

The Court is not "definitely and firmly convinced that the bankruptcy court committed a clear error of judgment." See In re Tennant, 318 B.R. at 866. Therefore, the Court finds that the Bankruptcy Court did not abuse its discretion when imposing compensatory and disciplinary sanctions on Appellants.

**Conclusion**

Based on the above, the Court AFFIRMS the sanctions ordered by the Bankruptcy Court. The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: June 23, 2015

HON. GONZALO P. CURIEL
United States District Judge